AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Oct 01, 2021**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALFREDO MAGANA GARIBAY | Case No. 4:15-cr-6049-EFS-18<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

   and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional—See bottom of next page.)

3

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: October 1st , 2021

_Edward F. Shea_
UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

Recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of § 3582(c)(1)(A) motions filed by defendants, the Court makes the following findings:

**Defendant's Age & Health**. Defendant is 33 years old. He has been diagnosed with asthma. The CDC has noted on its website, "People with moderate-to-severe or uncontrolled asthma are more likely to be hospitalized from COVID-19." *See* **https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html**. However, the medical records provided describe Defendant's asthma as merely "baseline" and indicate it is well controlled with an inhaler; they also indicate Defendant is in generally good health. These considerations weigh against finding a reduction is warranted.

**COVID at Facility**. According to the BOP's website, FCI Edgefield currently has about 2 positive inmate cases and 4 positive staff cases of COVID-19, and approximately 71% of the inmate population has been fully vaccinated. *See COVID-19 Coronavirus*, BOP, **https://www.bop.gov/coronavirus/index.jsp#** (last visited Sep. 30, 2021), **https://www.bop.gov/locations/institutions/edg/** (last visited Sep. 30, 2021). These considerations weigh against finding the requested reduction is warranted.

**Section 3553(a) Factors**. The Court has considered the nature and circumstances of Defendant's offense, his history and characteristics, the kinds of sentences available, and the kinds of sentence and the sentencing range established by the Guidelines. The Court has also considered all the other applicable § 3553(a) factors and finds that the requested reduction would undermine the objectives and purposes of Defendant's sentence, particularly its need to reflect of the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid unwarranted sentence disparities.

**Decision**. Defendant has requested to reduce the full term of his 10-year sentence by nearly 57%. Upon due consideration, the Court finds that Defendant has not met his burden by showing that extraordinary and compelling reasons warrant such a reduction. The Court recognizes that Mr. Garibay has exhibited good behavior while incarcerated; the Court wishes him well and hopes he will continue in his self-improvement efforts and then return to society as a productive and law-abiding citizen.

**Failure to Exhaust**. As an independent basis for denying Defendant's motion, the Court finds that Defendant failed to exhaust his administrative remedies as is required by 18 U.S.C. § 3582(c)(1)(A).